IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **THYRA MARIE WRIGHT,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 12-CV-2610 EFM/JPO |
| | ) |
| **INSTALLATION & SERVICE** | ) |
| **TECHNOLOGIES, INC.** | ) |
| | ) |
|       **Defendant.** | ) |

## AGREED PROTECTIVE ORDER

Defendant Installation & Service Technologies, Inc., by and through its attorney of record, John Waldeck, and Plaintiff Thyra Marie Wright, by and through her attorney of record, Thomas Ralston, hereby stipulate to the terms of this Protective Order and with the Court being fully advised in the premises, it is hereby ORDERED:

1. **Good Cause for Protective Order:** Plaintiff Thyra Marie Wright's Complaint alleges a Title VII claim for sexual harassment during her employment at Installation & Service Technologies, Inc. The parties' discovery in this matter is likely to involve Defendant Installation & Service Technologies, Inc.'s current and former employees, independent contractors and/or agents, and non-parties to this lawsuit. The parties have agreed that the documentation and information regarding Defendant Installation & Service Technologies, Inc.'s employees, independent contractors and/or agents' phone numbers, social security numbers, employment information or background checks, personnel files and other documentation of individuals' employment, or other information for non-parties to this lawsuit, shall be used only for purposes of this lawsuit and will be treated as confidential. Additionally, the parties have agreed that this Order protects Defendant Installation & Service Technologies, Inc.'s confidential

proprietary business information. If this information were known to the general community, it could be used to further outside parties' business interests and could potentially impact upon Defendant Installation & Service Technologies, Inc. The parties also agree that portions of Plaintiff's personal and private information, such as her (1) medical information, (2) tax / financial information, (3) employment record / history, (4) educational history, may become subject to discovery and needs be protected from gratuitous distribution. The privacy interests of this information substantially outweigh the public's right to access judicial records and good cause exists for the issuance of this Protective Order under Federal Court Rule 26(c) as this Protective Order will protect the parties and/or other persons from annoyance, embarrassment, oppression, or undue burden or expense by designating the above information regarding Defendant Installation & Service Technologies, Inc.'s employees, independent contractors and/or agents, other information regarding non-parties to this lawsuit, and Defendant Installation & Service Technologies, Inc.'s proprietary business information as confidential, and specifying the method and terms of disclosure as set forth below.

2.      **Scope of the Protective Order:** This Order is entered into to prevent the disclosure of private information or information deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation. Private and confidential information under this Order shall include Defendant Installation & Service Technologies, Inc.'s employees, independent contractors and/or agents' phone numbers, social security numbers, employment information or background checks, personnel files and other documentation of individuals' employment. Additionally, the parties have agreed that this Order protects Defendant Installation & Service Technologies, Inc.'s confidential proprietary business information, and Plaintiff's medical information, tax records and information, Plaintiff's

financial information and records, and Plaintiff's employment and educational information and history.  This "Confidential Information" may be reviewed by the parties with their attorneys of record, shall not be copied or disseminated to the parties for their personal use, nor shall any party have the right to maintain a copy of the "Confidential Information" for their personal use.  The parties are explicitly ordered not to discuss or share any portion of the "Confidential Information" with persons who are not parties or agents of the parties or testifying witnesses in this action.  Testifying witnesses with whom "Confidential Information" is discussed must be informed of this Order of Protection and agree to its terms.  The only persons who shall retain a copy of the "Confidential Information" during the course of this litigation, unless otherwise ordered by this Court, are the parties' respective counsel of record.

     3.    **Designating Documents and Interrogatory Answers as Confidential**:  Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential."  Documents or information produced by either side shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Parties to this action may also designate deposition testimony relating to these matters as "Confidential Information" by advising opposing counsel of record, in writing, within 10 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under this Protective Order.  Alternatively, any party may, on the record at the deposition,

designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

      5.    **Disclosure of Confidential Information**:  Any documents or interrogatory answers which are marked as "Confidential" are to be treated as such by the parties receiving the discovery and shall be utilized by parties only for the prosecution or defense of this case.  Except as agreed upon by the parties or Ordered by the Court, disclosure of such material or information contained herein is limited to:

      (a)    The parties;

      (b)    Their counsel, counsel's legal and clerical assistants and staff;

      (c)    Court personnel, including court reporters, persons operating video recording equipment at depositions, any special master or mediator appointed by the Court, and;

      (d)    Any expert witness or outside consultant retained or consulted by the parties.

      6.    **Disputes Concerning Designation(s) of Confidential Information**:  Any documents or interrogatory answers which are marked as "Confidential" are to be treated as such by the parties receiving the discovery and shall be utilized by such parties only for the prosecution or defense of this case.  Except as agreed upon by the parties or Ordered by the Court, disclosure of such material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information, shall, until further Order of the Court, be treated as confidential in accordance with the provisions of this Protective Order.

Designation of material or information as confidential should not be controlling.  The parties opposing the confidentiality of the information may challenge any or all confidential designations by providing the party designating or producing the information with written notice in accordance with this paragraph.  If the parties opposing elect to challenge any designation of confidentiality of any material or information pursuant to this Order, said parties shall provide the producing party with ten (10) days' advanced written notice and afford the producing party an opportunity to voluntarily remove such designation.  Should the producing party not voluntarily remove such designation within 15 days of the receipt of such notice, the opposing party may then file a written motion with the Court for an Order determining confidentiality, accompanied by one copy of each document, response or other portion of the transcript challenged.  The motion and accompanying material shall be filed under seal as provided herein, and the confidentiality of such materials or information shall remain protected until the Court shall order otherwise.  The parties shall attempt to resolve any such challenge by agreement prior to the time for filing such motion as herein provided.

    7.    **Binding Effect of this Order**: This Order is binding upon the parties, their agents and employees, and all counsel for the parties and their agents and employees.

    8.    **Return of Confidential Information**: At the conclusion of this litigation the parties' respective counsel shall, upon written request by any party within thirty (30) days of the conclusion of this matter, return all documents which fall under the scope of this Order.  The parties, however, retain the right to retain to keep any documents that were admitted as exhibits in this case.

WHEREFORE, the parties pray that the Court adopt this Protective Order, as set-out above and enter this Order approving and ordering that the above stipulation be binding upon all parties and shall remain in full force and effect until further Order from this Court.

**IT IS SO ORDERED.**

Dated November 27, 2012

    s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

**WALDECK, GOLDSTEIN & PATTERSON, P.A.**

By: */s/ John M. Waldeck*
John M. Waldeck    KS Bar #18387
Kelly M. Cochran    KS Bar #25053
5000 West 95th Street, Suite 350
Prairie Village, Kansas 66207
Tel: (913) 749-0300 / Fax: (913) 749-0301
E-Mail: JohnW@wgpkc.com
        KellyC@wgpkc.com
**ATTORNEYS FOR DEFENDANT**

**HOLMAN SCHIAVONE, LLC**

By: */s/ Thomas F. Ralston*
Kirk D. Holman, KS Bar #19558
Anne Schiavone, KS Bar #19669
Thomas F. Ralston, KS Bar #78212
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
Tel: 816-283-8738 / Fax: 816-283-8739
E-mail: kholman@hslawllc.com
E-mail: aschiavone@hslawllc.com
E-mail: tralson@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**